**BY LEAVE**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| JOSEPH R. ALEXANDER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BNSF RAILWAY COMPANY, ) <br> a Delaware Corporation, ) <br> ) <br>    Serve Registered Agent: ) <br>    Registered Agent Springfield, Ltd. ) <br>    1845 S. National ) <br>    Springfield, MO 65804 ) <br> ) <br> and ) <br> ) <br> RANDY R. McQUEARY, ) <br> ) <br>    Serve: Randy McQueary ) <br>          305 Fox Chase ) <br>          Arnold, MO 63010 ) <br> ) <br> and ) <br> ) <br> ST. LOUIS COUNTY, ) <br> ) <br>    Serve: Genevieve M. Frank ) <br>          Administrative Director, St. ) <br>            Louis County Council ) <br>          County Administrative Bldg. ) <br>          41 S. Central, 1st Floor ) <br>          Clayton, MO 63105 ) <br> ) <br> Defendants. ) | Case No. 11SL-CC02687 <br><br> Division No.: 20 <br><br> **PLAINTIFF DEMANDS** <br> **TRIAL BY JURY** <br><br> *Leave granted;* <br> *[signature]* <br> *Judge Div 20* <br> *8-10-11* |

## FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff, Joseph Alexander, by and through his counsel, and for his cause of action against Defendant BNSF Railway Company, Randy R. McQueary, and Defendant St. Louis County states and alleges as follows:

1

## Parties and Jurisdiction

1. At all times relevant hereto, Plaintiff was a resident and citizen of St. Louis County, Missouri.

2. Defendant BNSF Railway Company (hereafter "BNSF") was at all times during the events mentioned herein, and is now, a Delaware corporation, operating trains and transporting freight in and through St. Louis County, Missouri and the State of Missouri, as well as other states in the United States, and may be served with process through its designated registered agent: Springfield, Ltd., 1845 S. National, Springfield, MO 65804.

3. Defendant Randy R. McQueary (referred to herein as "Roadmaster McQueary), a Roadmaster for Defendant BNSF, is upon information and belief a resident of the State of Missouri. Defendant McQueary may be served with process at: 305 Fox Chase, Arnold, MO 63101.

4. At all times relevant hereto, all employees of BNSF were acting in their individual capacity and also as agents of BNSF, within the scope of their employment and authority, and in the furtherance of the business of BNSF. All the acts and omissions of the employees of BNSF are imputed to their employer, who is liable for such acts and omissions.

5. Defendant St. Louis County is a governmental entity that can be served with process by: Genevieve M. Frank, Administrative Director of the St. Louis County Council, County Administration Building, 41 S. Central, 1st Floor, Clayton, Missouri, 63105.

6. The accident alleged in this case occurred in St. Louis County, Missouri.

7. Jurisdiction is proper in this Court for the following reasons: Plaintiff is a resident of St. Louis County, Missouri and the accident occurred in St. Louis County, Missouri.

## Venue

8.  Venue is proper in this Court is proper pursuant to Rev. Mo. Stat. §508.010(4), in that the events and actions alleged herein occurred in St. Louis County, Missouri, and because Plaintiff was first injured by Defendants' wrongful acts or negligent conduct in St. Louis County.

9.  Pursuant to 49 U.S.C. §20106, this case is appropriately brought in state court rather than federal court. Plaintiff reserves the right to petition as needed to further establish why this case is appropriately brought in this Court. All allegations herein related to the Defendant railroad are based upon and should be interpreted to state causes of action seeking damages under state law for personal injury, death or property damage, based upon one or more of the following:

   a.  Defendant railroad has failed to comply with the Federal standard of care established by a regulation or orders issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of 49 U.S.C. §20106;
   b.  Defendant railroad has failed to comply with its own plans, rules or standards that Defendant railroad created pursuant to a regulation or order issued by either of the Secretaries; or
   c.  Defendant railroad has failed to comply with State laws, regulations and orders that are not incompatible with subsection (a)(2) of 49 U.S.C. §20106.

## Common Allegations

10. On or about February 28, 2008, Plaintiff was standing on the sidewalk adjacent to South Rock Hill Road in St. Louis County, at public railroad crossing number 664299F, waiting for Defendant BNSF's train to pass when at said time and place Plaintiff was struck by a railroad car/engine operated by Defendant BNSF, an object protruding therefrom, or an item of cargo that fell out of the passing train because it was unsecured or not properly secured. (Hereafter, the railroad car/engine, protrusion therefrom, or unsecured or not properly secured item of cargo is referred to as "Defendant's instrumentality.") Whereby, Plaintiff was caused to sustain a

3

traumatic amputation of his right leg with degloving of his penis, part of the perineum and scrotum.

11. Defendants BNSF and Roadmaster McQueary must work jointly with the state and local road authorities, including St. Louis County, to evaluate crossing conditions and characteristics and to maintain a reasonably safe crossing that will allow for reasonably safe passage across its tracks.

12. On February 28, 2008, crossing number 664299F was inadequately marked for pedestrian traffic. There were no painted lines or other signage on South Rock Hill Road or its adjacent sidewalks to indicate where pedestrians should safely stand while waiting for a train to pass through the crossing. Moreover, at crossing number 664229F, there were no signs warning pedestrians or any barriers to indicate where the Defendant BNSF's property begins or ends.

13. The horizontal alignment of the track and the roadway at the crossing also contributed to the unsafe condition of the crossing. At public crossing number 664299F, Defendant BNSF's tracks cross South Rock Hill Road at a sharp angle. At the time of this accident, there were no painted lines or signage to indicate where pedestrians should safely stand at this crossing; as such, pedestrians may be inclined to use, among other things, the crossing arm(s) at this crossing as guidance on where to safely stand to await a passing train. The east end of the crossing arm on the south side of the tracks is set back a good distance from the tracks on the east side of South Rock Hill Road; but, due to the sharp angle of the tracks across that road, the west end of the crossing arm is located at a much closer and unsafe distance to Defendant BNSF's tracks. Pedestrians standing even with the west end of the crossing arm would be at risk of being struck by a railroad car/engine, a protrusion therefrom, or an unsecured or not properly secured item of cargo. The lack of horizontal alignment at this crossing and the unsafe conditions

it created for pedestrians should have been addressed by Defendants BNSF and Roadmaster McQueary in cooperation with the local road authority, Defendant St Louis County.

14. As a direct result of the Defendants' acts and omissions alleged herein, Plaintiff Joseph Alexander suffered severe injuries that are permanent, including traumatic amputation of his right leg, degloving of his penis, perineum and scrotum, infertility, lymphodemia, cellulitis, scarring and disfigurement. As a result of said injuries, Joseph has been caused to undergo extensive surgeries, medical treatment and tests, and will in the future require medical treatment and surgery. In addition, he has been fit with a prosthetic leg and will require replacement prosthetic(s) in the future. His general health has been permanently weakened, diminished and impaired. As a consequence of said injuries, Joseph has suffered and will continue to suffer severe physical pain and mental anguish in the future. Joseph's power to work and his earning capacity have been greatly diminished and permanently impaired. Further, because of these injuries, Joseph has incurred and will in the future incur medical expenses associated with the treatment of his injuries.

15. As a direct and proximate result of Defendants' negligent acts and omissions alleged herein, Joseph Alexander has suffered injuries and damages as follows:

    (a)    Loss of earnings;

    (b)    Loss of earning capacity;

    (c)    Disability, past and future, permanent in nature;

    (d)    Medical bills, past and future, and related costs;

    (e)    Loss of enjoyment of life, past and future, permanent in nature;

    (f)    Pain and suffering, past and future, permanent in nature; and

    (g)    Permanent disfigurement and scarring.

16. Defendants' conduct set forth in the allegations herein was willful and wanton, and demonstrated a reckless disregard for the safety of pedestrians, including Plaintiff, sufficient to support an award of punitive damages in an amount sufficient to deter Defendants and others similarly situated from like conduct in the future.

### Count I – Negligence

COMES NOW Plaintiff, Joseph R. Alexander, and for Count I of his cause of action against Defendants BNSF Railway Company and Randy R. McQueary and states and alleges as follows:

17. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, paragraphs 1-16.

18. Defendants have, and at all times relevant hereto had a general duty to pedestrians such as Plaintiff not to injure them through negligent conduct. This duty includes the duty to take steps to ensure that no dangerous objects are protruding from Defendant BNSF's railway cars/engines in a manner that threatens the life, limb, property or persons of pedestrians who are properly standing on sidewalks near railroad crossings. This duty includes the duty to take steps to ensure that the cargo or other objects in the railroad cars/engine are properly secured and do not fall out of the cars/engine in transit. This duty also includes a duty to warn such pedestrians standing near railroad crossings with adjacent sidewalks of a risk of being hit by objects protruding from or falling out of passing railroad cars/engines or a general warning to stand back from passing trains or both types of warnings.

19. Defendants BNSF and Roadmaster McQueary were negligent, careless and reckless in at least the following respects:

    a) in allowing an object to protrude from Defendant BNSF's cars/engines in

a manner that threatens the life, limb, property or persons of pedestrians, including Plaintiff;

   b)  in failing to secure an item of cargo, allowing it to protrude from Defendant BNSF's cars/engines in a manner that threatens the life, limb, property or persons of pedestrians, including Plaintiff;

   c)  in failing to properly secure an item of cargo, allowing it to protrude from Defendant BNSF's cars/engines in a manner that threatens the life, limb, property or persons of pedestrians, including Plaintiff;

   d)  in failing to provide warnings to pedestrians, including Plaintiff, standing near railroad crossings with adjacent sidewalks of a risk of being hit by objects protruding from or falling out of passing railroad cars/engines and/or a general warning to stand back from passing trains;

   e)  in failing to provide signage directing where pedestrians, including Plaintiff, should safely stand at the crossing which is the subject of this litigation; and

   f)  in failing to provide signs warning pedestrians, including Plaintiff, of "no trespass" or barriers of any kind to indicate to pedestrians where Defendant BNSF's property at the subject crossing beings and/or ends.

20. Defendants' acts and omissions were a breach of their duty to Plaintiff.

21. As a direct and proximate result of Defendants' negligent acts and omissions and breach of their duty to Plaintiff, Plaintiff sustained severe and permanent injuries including a traumatic amputation of his right leg, degloving of his penis, perineum and scrotum, infertility, lymphodemia, cellulitis, scarring and disfigurement and damages as further set forth in paragraphs 10, 14 and and 15 herein.

7

22.     The negligence of the Defendants BNSF and Roadmaster McQueary was outrageous and constituted gross negligence in that Defendants knew or in the exercise of ordinary care should have known that their conduct created a high probability of injury; Defendants thereby demonstrated a conscious and reckless disregard for the rights of Joseph Alexander, permitting the recovery of damages for aggravating circumstances.

WHEREFORE, Plaintiff prays that this Court enter a judgment on Count I against Defendants BNSF Railway Company and Randy R, McQueary and for such sums as are fair and reasonable compensation for losses in a sum in excess of Twenty-five Thousand Dollars ($25,000.00) as compensatory damages, together with aggravating circumstances/punitive damages in an amount sufficient to deter Defendants and others similarly situated from like conduct in the future, plus pre-judgment interest, court costs, reasonable attorney's fees, and any other form of relief allowed by law or equity.

### Count II – Negligence

COMES NOW Plaintiff, Joseph R. Alexander, and for Count II of his cause of action against Defendant St. Louis County states and alleges as follows:

23.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, paragraphs 1-22.

24.     Defendant has, and at all times relevant hereto had a general duty to pedestrians such as Plaintiff not to injure them through negligent conduct. This duty includes a duty to warn such pedestrians standing near public railroad crossings with adjacent sidewalks of a risk of being hit by objects protruding from or falling out of passing railroad cars/engines or a general warning to stand back from passing trains or both types of warnings.

8

25. Defendant was negligent, careless and reckless in at least the following respects:

   a) in failing to provide warnings to pedestrians, including Plaintiff, standing near railroad crossings with adjacent sidewalks of a risk of being hit by objects protruding from or falling out of passing railroad cars/engines and/or a general warning to stand back from passing trains;

   b) in failing to provide signage directing where pedestrians, including Plaintiff, should safely stand at the crossing which is the subject of this litigation;

   c) in failing to provide signs warning pedestrians, including Plaintiff, of "no trespass" or barriers of any kind to indicate to pedestrians where Defendant BNSF's property at the subject crossing beings and/or ends; and

26. Defendant's acts and omissions were a breach of its duty to Plaintiff.

27. As a direct and proximate result of Defendant's negligent acts and omissions and breach of its duty to Plaintiff, Plaintiff sustained severe and permanent injuries including a traumatic amputation of his right leg, degloving of his penis, perineum and scrotum, infertility, lymphodemia, cellulitis, scarring and disfigurement and damages as further set forth in paragraphs 10, 14 and 15 herein.

28. The negligence of the Defendant was outrageous and constituted gross negligence in that Defendant knew or in the exercise of ordinary care should have known that its conduct created a high probability of injury; Defendant thereby demonstrated a conscious and reckless disregard for the rights of Joseph Alexander, permitting the recovery of damages for aggravating circumstances.

WHEREFORE, Plaintiff prays that this Court enter a judgment on Count II against Defendants St. Louis County and for such sums as are fair and reasonable compensation for losses in a sum in excess of Twenty-five Thousand Dollars ($25,000.00) as compensatory

damages, together with aggravating circumstances/punitive damages in an amount sufficient to deter Defendant and others similarly situated from like conduct in the future, plus pre-judgment interest, court costs, reasonable attorney's fees, and any other form of relief allowed by law or equity.

## PLAINTIFF DEMANDS TRIAL BY JURY

DREESEN LAW FIRM, L.L.C.

By: _____
D. MATTHEW DREESEN, #43641
17107 Chesterfield Airport Rd.
Suite 215
Chesterfield, MO 63005
(636) 449-4400 – TELEPHONE
(636) 449-4400 – FACSIMILE
*Attorneys for Plaintiff*

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests trial by jury of all issues so triable in the above-captioned cause.

_____
ATTORNEY FOR PLAINITFF