UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH R. ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11CV1436 RWS |
| | ) |
| BNSF RAILWAY COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action was originally filed in state court. Plaintiff Joseph Alexander alleges in his amended complaint that he was injured by a passing train owned and operated by Defendant BNSF Railway. Alexander alleges that he was standing on a sidewalk by a railroad crossing when he was struck by something protruding from the train or by an item of cargo that fell from the train. Alexander sued BNSF and its employee, Defendant Roadmaster Randy McQueary for negligence. McQueary is a citizen of Missouri. Alexander asserts that Defendants breached various duties including failing to ensure no objects were dangerously protruding from the train, ensuring cargo was properly secured, and ensuring sidewalks at railroad crossings were properly marked to protect pedestrians like Alexander.

Defendants removed the case to this Court asserting that Defendant McQueary was fraudulently joined in this action to defeat the Court's diversity jurisdiction. Alexander asserts that McQueary has not been fraudulently joined and has moved to remand this lawsuit to state court.

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). See also In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. at 183. To invoke diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

When a plaintiff files a lawsuit in state court and includes a resident defendant, a removing defendant must establish that the resident defendant was fraudulently joint to avoid remand. Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). "[I]f there is a "colorable" cause of action-that is, if the state law might impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." Id. at 810. In ruling on a fraudulent joinder claim a court must "simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." Id. at 811. Stated in the converse, "'if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" Id. at 810 (quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th

Cir.1977)).

Defendants have failed to cite to any Missouri legal precedents which preclude Alexander's cause of action against McQueary. On the face of the amended complaint Alexander states a claim against McQueary. To support their fraudulent joinder motion, Defendants have submitted McQueary's affidavit in which he denies that his position as roadmaster includes any of the duties alleged in the complaint. In response, Alexander has submitted the affidavit of an experienced railway engineering consultant which indicates that a BNSF roadmaster does have some of the duties alleged by the complaint. There is a question of fact as to whether McQueary owed any duty to Alexander. As a result, Defendants have failed to clearly establish that under Missouri law that the complaint does not state a cause of action against McQueary. Moreover, in reviewing a motion to remand all facts and ambiguities regarding a negligence cause of action under Missouri law should be resolved in Alexander's favor. Filla , 336 F.3d at 811. Any doubts regarding the sufficiency of a complaint against a defendant should be decided by the state court after remand. Id. I find that Missouri law "might impose liability on [McQueary] under the facts alleged" in the amended complaint. Id. at 810. As a result, I will grant Alexander's motion to remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants motion to dismiss for fraudulent joinder [#12] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Joseph Alexander's motion to

remand [#15] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2012.